UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cv-1834 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| D&P PRODUCTS, INC. et al., | |
| Defendants. | |

On December 4, 2018, plaintiff United States of America filed a motion for default judgment. (ECF No. 16.) The motion is noticed for hearing before the undersigned on February 8, 2019, in accordance with Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1). Pursuant to Local Rule 230(c) defendants were to file opposition or a statement of non-opposition to plaintiff's motion "not less than fourteen (14) days preceding the noticed . . . hearing date." No defendant, however, has filed a timely opposition or statement of non-opposition.

The failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id. And the court

1

may construe the failure to timely file opposition as non-opposition to the motion. Local Rule 230(c).

It is not unusual for a defendant in default to fail to respond to a motion for default judgment. However, defendant Teri Brooks, proceeding pro se, filed an untimely answer on October 29, 2018. (ECF No. 15.) The Clerk of the Court entered default as to defendant Teri Brooks on October 12, 2018. (ECF No. 12.) And defendant Teri Brooks has not sought to set aside the entry of default.

"A district court may set aside a clerk's entry of default for 'cause shown.'" Brady v. U.S., 211 F.3d 499, 503-04 (9th Cir. 2000) (quoting Fed. R. Civ. P. 77). Specifically, Rule 55 of the Federal Rules of Civil Procedure states:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

"To succeed in the vacation of a default order under Rule 55(c), the defendant must show (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1401 (7th Cir. 1993) (alteration and quotation omitted). Prejudice to the plaintiff is also a relevant consideration. See Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2nd Cir. 2015) ("These criteria are: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.").

In light of defendant's pro se status, and in the interests of justice, the court will provide defendant with a final opportunity to oppose plaintiff's motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 8, 2019 hearing of plaintiff's motion (ECF No. 16) is continued to **Friday, March 15, 2019, at 10:00 a.m**., at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

2. On or before **March 1, 2019**, defendant Teri Brooks shall file an opposition or statement of non-opposition to plaintiff's motion for default judgment;

3. If defendant Teri Brooks files a timely opposition to plaintiff's motion for default judgment, then on or before **March 1, 2019**, defendant Teri Brooks shall also file a motion seeking to set aside the entry of default; and

4. Defendant Teri Brooks is cautioned that the failure to timely comply with this order may result in the recommendation that plaintiff's motion for default judgment be granted.

Dated: February 4, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/USvD&P1834.cont.hrg

3