UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>D & P PRODUCTS, INC. et al.,<br><br>Defendants. | No. 2:18-cv-1834 KJM DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the undersigned on March 15, 2019, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 24.) Attorney Alexander Stevko appeared telephonically on behalf of the plaintiff. No appearance was made by, or on behalf of, any defendant. At that time, oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted as explained below.

**BACKGROUND**

Plaintiff United States of America commenced this action by filing a complaint on June 26, 2018. (ECF No. 1.) The complaint alleges, in relevant part, as follows. Defendant D & P Products, Inc., ("D & P Products"), manufactures torque converters in Sacramento, California.

////

(Compl. (ECF No. 1) at 2.[1]) Defendant Teri Brooks is the Chief Financial Officer and Chief Executive Officer of defendant D & P Products. (Id.) Defendant Matthew Brooks is the husband of defendant Terri Brooks and the Secretary of defendant D & P Products. (Id.)

As an employer, defendant D & P Products is subject to various tax obligations. In this regard, D & P Products is required pursuant to 26 U.S.C. §§ 3102 and 3402 to withhold federal income taxes and Federal Insurance Contributions Act ("FICA") taxes from its employees' wages. (Id. at 3.) These withholdings are held in trust for the United States. (Id.) 26 U.S.C.§ 6302 and 26 C.F.R. § 31.6302-1, require D & P Products to make monthly deposits of these taxes with an authorized government depository. (Id. at 4.)

Moreover, pursuant to 26 U.S.C. § 3111, defendant D & P Products was also required to pay FICA tax on its employees' wages. (Id. at 3.) And 26 U.S.C. § 3301, required defendant D & P Products to pay a Federal Unemployment Tax Act ("FUTA") tax on its employees' wages. (Id. at 4.) Defendant D & P Products was also required to pay any taxes due on its employment tax returns pursuant to 26 U.S.C. § 6151 and 26 C.F.R. § 55.6151-1. (Id.) And with respect to reporting, under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-1, 31.6011(a)-4, and 31.6071(a)-1, D & P Products was required to file a Form 941 Employer's Quarterly Federal Tax Return on a quarterly basis. (Id. at 4.)

Despite these obligations, defendant D & P Products failed to pay its quarterly employment tax liability for the tax periods ending March 31, 2007, and from September 31, 2007, through December 31, 2012. (Id. at 3.) D & P Products also failed to pay its annual unemployment tax liability for the tax periods ending December 31, 2011, December 31, 2012, and December 31, 2013. (Id.) Defendant D & P Products has refused to pay this liability, resulting in an Internal Revenue Service ("IRS") assessment against defendant in the amount of $833,907.72 as of May 31, 2018. (Id. at 6-7.)

Moreover, during this time defendant Teri Brooks and defendant Matthew Brooks were responsible for collecting, accounting for, and paying to the United States the taxes owed by

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

defendant D & P Products. (Id. at 7.) Despite notice and demand for payment, the defendants have refused to comply with the government's attempts to enforce the internal revenue laws. (Id. at 7-11.)

As a result of their failure to comply with these requirements, defendants Teri Brooks and Matthew Brooks have each been assessed liability in the amount of $319,878.62, pursuant to the Trust Fund Recovery Penalty ("TFRP"), authorized under 26 U.S.C. § 6672. (Id. at 7-10.) Based on these allegations, the complaint seeks a permanent injunction against the defendants as well as a reduction of the tax assessments to judgment. (Id. at 12-15.)

On August 1, 2018, plaintiff filed proofs of service on the defendants. (ECF Nos. 4-6.) On October 11, 2018, plaintiff filed requests for entry of defendants' default. (ECF Nos. 7-9.) The Clerk of the Court entered defendants' defaults the following day. (ECF Nos. 10-12.)

On October 29, 2018, defendant Teri Brooks filed a document styled as an answer. (ECF No. 15.) On December 4, 2018, plaintiff filed the pending motion for default judgment. (ECF No. 16.) On February 5, 2019, the undersigned issued an order continuing the hearing of plaintiff's motion, advising defendant Teri Brooks of the steps necessary to set aside a clerk's entry of default, and granting defendant Teri Brooks additional time to oppose plaintiff's motion and/or file a motion to set aside the entry of default. (ECF No. 23.) The order cautioned defendant Teri Brooks that a failure to comply with the order "may result in the recommendation that plaintiff's motion for default judgment be granted." (Id. at 3.) Despite the undersigned's order, and having been served with notice of plaintiff's motion, no defendant filed an opposition or appeared at the March 15, 2019 hearing. (ECF Nos. 16-7, 21, 24.)

**LEGAL STANDARDS**

**I.     Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also

1  DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826
2  F.2d 915, 917-18 (9th Cir. 1987).
3     Where damages are liquidated, i.e., capable of ascertainment from definite figures
4  contained in documentary evidence or in detailed affidavits, judgment by default may be entered
5  without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages,
6  however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722
7  F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).
8     Granting or denying default judgment is within the court's sound discretion. Draper v.
9  Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir.
10 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v.
11 McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by
12 the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

17 Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

### I. Plaintiff's Motion for Default Judgment

#### A. The Eitel Factors Favor Entry of Default Judgment

Examining the complaint and plaintiff's motion for default judgment in light of the Eitel factors, the undersigned finds that overall the Eitel factors weigh in favor of granting plaintiff's motion for default judgment.

#### 1. Possibility of Prejudice to the Plaintiff

The first Eitel factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. Eitel, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave plaintiff without a proper remedy. Landstar Ranger, Inc. v. Parth

////

Enterprises, Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing Pepsico, Inc. v. California Security Cans, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010)).

Here, plaintiff seeks an injunction requiring defendants to comply with their federal tax obligations as well as a judgment against defendants for the assessed tax liabilities. (Pl.'s. MDJ (ECF No. 16-1) at 22.) Because defendants have refused to defend this action, if default judgment is not entered, plaintiff would be left without a proper remedy. Accordingly, the first Eitel factor weighs in favor of granting default judgment on behalf of the plaintiff.

**2. Sufficiency of the Complaint and the Likelihood of Success on the Merits**

The second and third Eitel factors are (1) the merits of plaintiff's substantive claim, and (2) the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. The court considers the two factors together given the close relationship between the two inquiries. Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp.2d 1039, 1055 (2010). These two factors will favor entry of default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. PepsiCo, Inc., 238 F. Supp.2d at 1175; see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

Here, the complaint seeks a permanent injunction and reduction to judgment against defendants pursuant to 26 U.S.C. § 7402 as a result of defendants' failure to comply with the IRS's enforcement efforts. (Compl. (ECF No. 1) at 12.) Pursuant to § 7402 "district courts of the United States at the instance of the United States shall have such jurisdiction to . . . issue in civil actions, writs and orders of injunction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

Moreover, plaintiff has lodged, and the undersigned has reviewed, Certificates of Assessments in support of the motion for default judgment. (ECF No. 25.) "It is settled in this circuit that Certificates of Assessments and Payments are 'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made.'" Koff v. U.S., 3 F.3d 1297, 1298 (9th Cir. 1993) (quoting Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992)).

Taken as true, the undersigned finds the allegations of the complaint are sufficient and state a meritorious claim. Accordingly, the undersigned finds that these two factors weigh in favor of granting default judgment.

### 3. Sum of Money at Stake

Under the fourth Eitel factor "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." PepsiCo, Inc., 238 F.Supp.2d at 1176-77. Where a large sum of money is at stake, this factor disfavors default judgment. Eitel, 782 F. 2d. at 1472. Here, plaintiff seeks a judgment of $843,200.79 against defendant D & P Products, $326,563.72 against defendant Teri Brooks, and $326,563.72 against defendant Matthew Brooks. (Pl's. MDJ (ECF No. 16-1) at 22.)

Although the sum of money is large, the amount reflects only money owed by the defendants as a result of the defendants' refusal to pay. See U.S. v. China China Inc., No. C-11-2065 EDL, 2011 WL 4404941, at *3 (N.D. Cal. Aug. 31, 2011) ("as to the fourth factor, although a relatively large sum of money is involved, it represents liability accrued by both Defendants over multiple tax years").

Accordingly, the undersigned finds that the amount of money at stake is not disproportionate to the seriousness of defendants' conduct and, therefore, that this factor does not weigh against granting default judgment.

### 4. Possibility of Disputed Material Facts

The fifth Eitel factor examines whether a dispute exists regarding material facts. Vogel v. Rite Aid Corp., 992 F. Supp. 998, 1012 (2014) (citing PepsiCo, 238 F. Supp. 2d. at 1177; Eitel, 782 F.2d. at 1471-72). As a result of defendants' default, all well-pleaded factual allegations made by plaintiff are now taken as true. TeleVideo Systems, 826 F.2d at 917 (citing Geddes, 559 F.2d at 560). Thus, there is no possible dispute of material fact that would preclude the granting of a default judgment in plaintiff's favor. Accordingly, this factor weighs in favor of granting default judgment.

////

////

### 5. Whether the Default Was Due to Excusable Neglect

The sixth <u>Eitel</u> factor contemplates whether defendants' default was due to excusable neglect. <u>PepsiCo</u>, 238 F.Supp.2d at 1177; <u>Eitel</u>, 782 F.2d at 1471-72. This factor gives consideration to due process, ensuring that defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." <u>Philip Morris USA, Inc. v. Castworld Productions</u>, 219 F.R.D. 494, 500 (2003) (citing <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)).

Defendants have been repeatedly served with documents related to this action and have elected not to oppose plaintiff's motion for default judgment. (ECF Nos. 4-7, 16-7, 21.) Moreover, defendant Teri Brooks filed a document stating that each defendant was "in receipt of" plaintiff's complaint. (ECF No. 15 at 2.) Under such circumstances, it does not appear that defendants' default was due to excusable neglect. Accordingly, the undersigned finds that this factor weighs in favor of granting default judgment.

### 6. Policy of Deciding Cases on the Merits

The seventh <u>Eitel</u> factor emphasizes the "general rule that default judgments are ordinarily disfavored." <u>Eitel</u> 782 F.2d at 1472. "Cases should be decided upon the merits whenever reasonably possible." <u>Id.</u> (citing <u>Pena v. Seguros La Comercial</u>, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). However, defendants' refusal to participate in this action has rendered a decision on the merits impossible. Thus, this factor does not weigh against default judgment.

### B. Terms of Judgment

Having found that plaintiff's motion for default judgment should be granted, the undersigned must now address the terms of the judgment. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, plaintiff's motion for default judgment seeks a reduction of defendants' outstanding tax liability to judgement as well as a permanent injunction requiring defendants to comply with their federal tax obligations. (Pl.'s MDJ (ECF No. 16-1) at 22.) That is consist with the relief sought by the complaint. (Compl. (ECF No. 1) at 15-17.)

### 1. Reduction of Outstanding Tax Liability to Judgment

As noted above, plaintiff seeks a reduction of defendants' tax liability as of November 30, 2018, to judgment in the amount of $843,200.79 against defendant D & P Products, $326,563.72 against defendant Teri Brooks, and $326,563.72 against defendant Matthew Brooks.[2] (Pl.'s MDJ (ECF No. 16-1) at 19-21.)

Although "the government bears the initial burden of proof" the government may satisfy that burden "by introducing into evidence its assessment of taxes due." Oliver v. U.S., 921 F.2d 916, 919 (9th Cir. 1990). As noted above, plaintiff has lodged copies of certified IRS Forms 4340 for the taxes assessed. (ECF No. 25.) Such "[f]orms are admissible evidence that valid assessments have been made." Hughes, 953 F.2d at 540.

Accordingly, because plaintiff has established that defendants owe the amount of assessed taxes, the undersigned recommends that defendants' outstanding tax liability be reduced to judgment.

### 2. Permanent Injunction

Plaintiff seeks a permanent injunction against defendants requiring defendants to: (1) pay over to the IRS all employment taxes required by law; (2) timely file all Forms 940 and 941 with the IRS; (3) timely deposit withheld FICA taxes; (4) timely deposit federal unemployment taxes; (5) sign and deliver affidavits to the IRS confirming their compliance with these requirements for a period of five years; (6) to timely pay all outstanding liabilities; (7) prohibit the assigning or disbursement of any of defendant D & P Products' assets for a period of five years; (8) deliver a copy of the permanent injunction to current and future employees who have authority to disburse defendant D & P Products' funds; (9) provide detailed monthly statements to the IRS for a period of 5 years; (10) require defendant Teri Brooks and defendant Matthew Brooks to notify the IRS within 10 days of any new company or corporation owned, managed, or worked for by either defendant; (11) to notify the IRS within 10 days if defendant D & P Products assumes a new name or transfers business operations; (12) permit plaintiff to take post-judgment discovery; and

---

[2] The government notes that although defendants "may all be assessed for failure to pay the same tax, the United States will only collect the tax once." (Pl.'s MDJ (ECF No. 16-1) at 20.)

(13) allow the court to retain jurisdiction to enforce this injunction. (Pl.'s Prop. Ord (ECF No. 16-2) at 2-3.)

§ 7402 authorizes the court "to 'render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.'" Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985) (quoting 26 U.S.C. § 7402(a)). In this regard, "[t]he tax code, 26 U.S.C. § 7402(a), gives district courts authority to enjoin taxpayers from flouting federal tax law[.]" United States v. Roof Guard Roofing Company, Inc., Case No. 17-cv-2592 NC, 2017 WL 6994215, at *1 (N.D. Cal. Dec. 14, 2017).

"Because § 7402(a) grants the court injunctive power, the government need only show that an injunction is appropriate for the enforcement of the internal revenue laws, without reference to the traditional equitable factors." U.S. v. Thompson, 395 F.Supp.2d 941, 945 (E.D. Cal. 2005); see also U.S. v. Sommerstedt, 435 Fed. Appx. 695, 696 (9th Cir. 2011) ("because the statutory requirements were met, the district court did not abuse its discretion in granting injunctive relief to the United States").

Here, the undersigned finds that the government has shown that the defendants have interfered with the enforcement of internal revenue laws for several years and continue to do so. Accordingly, the undersigned recommends that plaintiff's request for a permanent injunction be granted. See United States v. Roof Guard Roofing Company, Inc., Case No. 17-cv-2592 NC 2017 WL 6994215, at *4 (N.D. Dec. 14, 2017) ("The government has demonstrated that Roof Guard and Johnson are currently interfering with internal revenue law enforcement and are reasonably likely to continue, so injunctive relief is appropriate."); U.S. v. China China Inc., No. C-11-2065 EDL, 2011 WL 4404941, at *5 (N.D. Cal. Aug. 31, 2011) ("China China has continuously and repeatedly failed to satisfy these obligations. This conduct justifies injunctive relief under section 7402(a)."); Thompson, 395 F.Supp.2d at 946 ("Because of defendant's past violations of federal tax laws, his continuous challenges to the authority of the courts and the entire federal tax system, and his ability to reopen his business after his term of incarceration, a statutory injunction under IRC § 7402(a) is necessary for the enforcement of internal revenue laws.").

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's December 4, 2018 motion for default judgment (ECF No. 16), be granted.

2. Judgment be entered against defendant D & P Products, Inc., defendant Teri M. Brooks and defendant Matthew W. Brooks.

3. Defendant D & P Products, Inc., be ordered indebted to the United States in the amount of $843,200.79 as of November 30, 2018, plus interest and other statutory additions, as provided by law.

4. Defendant Teri M. Brooks be ordered indebted to the United States in the amount of $326,563.72 as of November 30, 2018 plus interest and other statutory additions, as provided by law.

5. Defendant Matthew W. Brooks be ordered indebted to the United States in the amount of $326,563.72 as of November 30, 2018 plus interest and other statutory additions, as provided by law.

6. A permanent inunction pursuant to 26 U.S.C. § 7402(a) be entered with the following terms:

> i. The defendants, individually and doing business under any other name or using any other non-D & P Products entity, and their representatives, partners, agents, servants, employees, attorneys, and anyone in active concert or participation with them, are prohibited from failing to pay over to the IRS all employment taxes required by law, including federal income tax withholding, FICA taxes, and FUTA taxes;
>
> ii. D & P Products is required to timely file all Forms 940 and 941 with the IRS, in care of Revenue Officer Carol Leibrand, or at such other location as the IRS may direct in writing;
>
> iii. D & P Products is required to timely deposit withheld FICA taxes, as well as D & P Products' share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;
>
> iv. D & P Products is required to timely deposit federal unemployment taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;
>
> v. D & P Products, and those individuals at D & P Products responsible for carrying out the duties established under paragraphs

(ii) through (iv), are required for a period of five years, to sign and deliver affidavits to IRS Revenue Officer Carol Leibrand, or such other location as the IRS may direct in writing, no later than the 20th day of each month, stating that the requisite withheld income, FICA tax deposits, and unemployment tax deposits were timely made;

vi. D & P Products is required to timely pay all required outstanding liabilities due on each Form 940 and Form 941;

vii. Defendants and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, are prohibited from assigning any D & P Products property or rights to property or making any disbursements from D & P Products' assets until amounts required to be withheld from wages after the date of this injunction for a given payroll period are, in fact, paid to the IRS, for a period of five years;

viii. Defendants are required to deliver a copy of this permanent injunction to each current and future employee at D & P Products who is responsible for carrying out the duties established in paragraphs (ii) – (iv) or who has authority to disburse funds on behalf of D & P Products;

ix. Defendants are required for a period of five years to provide detailed monthly statements of all financial accounts of D & P Products to IRS Revenue Officer Carol Leibrand, or such other revenue officer as the IRS directs in writing, no later than the 20th day of each month;

x. Defendants are required for a period of five years to notify the IRS within ten days of any new corporation or company Teri Brooks or Matthew Brooks may come to own, manage, or work for as an officer or employee; and

xi. Defendants are required for a period of five years to notify the IRS within ten days if D & P Products assumes a new name or transfers its employees or business operations to another entity.

xii. The United States may take post-judgment discovery to the same extent that post-judgment discovery is available to a judgment creditor under Rule 69 to investigate and to ensure compliance with this injunction.

xiii. The Court shall retain jurisdiction over this case to ensure compliance with this injunction.

7. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate

Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 11, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/USvD&P1834.mdj.f&rs